UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 23-CV-00473-CNS-MBD

ESTATE OF RICHARD WARD by and through its personal representative Kristy Ward Stamp,
and
KRISTY WARD STAMP,

      Plaintiffs,

v.

PUEBLO COUNTY, COLORADO;
DEPUTY CHARLES MCWHORTER, in his individual and official capacity;
DEPUTY CASSANDRA GONZALES, in her individual and official capacity;
DEPUTY JACOB MAHAN, in his individual and official capacity;
DEPUTY CHRISTINE SPENCER, in her individual and official capacity;
DEPUTY NICHOLAS BERUMEN, in his individual and official capacity;
DEPUTY ROBERT QUINTANA, in his individual and official capacity;
SERGEANT JOSH RAGAN, in his individual and official capacity;

Defendants.

---

**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 AND FED. R. CIV. P. 8**

---

Defendants, PUEBLO COUNTY, COLORADO; DEPUTY CHARLES MCWHORTER, in his individual and official capacity; DEPUTY CASSANDRA GONZALES, in her individual and official capacity; DEPUTY JACOB MAHAN, in his individual and official capacity; DEPUTY CHRISTINE SPENCER, in her individual and official capacity; DEPUTY NICHOLAS BERUMEN, in his individual and official capacity; DEPUTY ROBERT QUINTANA, in his individual and official capacity; SERGEANT JOSH RAGAN, in his individual and official capacity; by and through their attorneys, Sean J. Lane, Esq., Allison Warren, Esq., and William O'Donnell, Esq., of THE LANE LAW FIRM, P.C., hereby move this court to dismiss the

aforementioned Defendants for failure to state claims upon which relief can be granted, pursuant to FED. R. CIV. P. 12 and FED. R. CIV. P. 8. In support of this request, Defendants offer the following:

## I.    INTRODUCTION

Plaintiffs' Complaint sets forth numerous allegations and claims arising out of an incident that occurred on February 22, 2022. *See* (ECF 1). The Complaint appears to set forth nine claims for relief lodged against various Defendants, including Pueblo County, either in their official capacity or in their individual capacity. *Id.* Most of the Defendants at the time of the incident were sworn deputies of the Pueblo County Sheriff's Office. (ECF 1, ¶ 19-24). In addition to issues raised *infra* about the constitutional defects and vague nature of the Complaint, Defendants, through virtue of their employment, are also entitled to qualified immunity. Taking into consideration of all the issues raised herein, the present matter is not in a position to proceed any further without meeting the constitutional requirements of notice and the issue of qualified immunity has been resolved.

## II.    SUMMARY OF THE ARGUMENT

The Complaint, as it is currently constructed, is insufficient to sustain the claims in this case as a matter of law. Plaintiffs are seeking relief from "Pueblo County," however, under the law "Pueblo County" is non-actionable entity, and the Complaint creates a legal nullity for which no valid judgment may enter. *Reyes v. Jensen,* 857 Fed.Appx. 436, 439 (10th Cir. 2021). Moreover, even if Plaintiffs were to properly name "The Board of County Commissioners of Pueblo County," the Complaint would still be insufficient to state a claim for which relief can be granted under FED.

2

R. CIV. P. 12(b). As such, as it specifically pertains to Pueblo County, the Complaint should be dismissed.

In addition, Plaintiffs' Complaint does not comport with requirements of due process as it fails to provide reasonable notice as to *which* Defendant committed *what* act to and against *whom*. *See Nasious v. Two Unknown B.I.C.E. Agents,* 482 F.3d 1158, 1163 (10th Cir. 2007). It is incumbent on the Plaintiffs to ensure that their Complaint contains a clear and concise statement of the facts and allegations what would lead a reasonable person to know what transpired leading to claims for relief. Instead, what we are left with in the present Complaint is a lack of specificity which is required under FED. R. CIV. P. 8. *Mann v. Boatright,* 477 F.3d 1140, 1148 (10th Cir. 2007). As such, it is neither the Court's nor the Defendants' duty to decode Plaintiffs' claims so that a response can be furnished. Furthermore, Defendants are entitled to qualified immunity as they were duly sworn deputy sheriffs with the Pueblo County Sheriff's Office.

In sum, based upon the law and how the Complaint is currently constructed it must be dismissed without prejudice.

## I.    STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'''" *Id*., quoting *Twombly*, 550 U.S. at 557.

The tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions. *See Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*., citing *Twombly*, 550 U.S. at 555. The court is not bound to accept as true a legal conclusion couched as a factual allegation. *Id*. In addition, if the Complaint contains allegations that are "so general that they encompass a wide swath of conduct, much of it innocent then plaintiff has not stated a plausible claim." *Khalik v. United Aire Lines,* 671 F.3d 1181, 1191 (10th Cir. 2012).

FED. R. CIV. P. 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions…[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *See Ashcroft*, 556 U.S. at 678 – 79. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. (brackets in original), quoting FED. R. CIV. P. 8(a)(2). "Where 'there is no disputed issue of fact raised by an affirmative defense, or the facts are completely disclosed on the face of the pleadings, and realistically nothing further can be developed by pretrial discovery or a trial on the issue

raised by the defense' it is appropriate and expedient to dispose of a claim by a motion to dismiss under Rule 12(b)." *Frost v. ADT, LLC*, 947 F.3d 1261 (10th Cir. 2020) (quoting 5 Arthur R. Miller et al., Federal Practice and Procedure § 1277 (3d ed. 2002) (August 2019 update)).

The purpose behind FED. R. CIV. P. 8 is to give an opposing party, or parties, fair notice of the basis for the claims against them so that they may appropriately respond and to allow a court to conclude whether the allegations if proven, show that Plaintiff is entitled to relief. *Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas,* 891 F.2d 1473, 1478 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents,* 482 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). Furthermore, a complaint violates FED. R. CIV. P 8 if "it neither identifies a concrete legal theory nor targets a particular defendant." *Mann v. Boatright,* 477 F.3d 1140, 1148 (10th Cir. 2007). The key under FED. R. CIV. P. 8 is to provide sufficient notice with enough detailed information to be clear on *who* committed *what* act and against *whom.* These are the three prongs that FED. R. CIV. P. 8 is designed to provide a defendant.

## II.    ARGUMENT

### A.    *"Pueblo County" is not an appropriate Defendant in this matter.*

Contrary to Plaintiffs statements in their foot note, located on the first page of the Complaint, there is not a split of opinion between the Judges in this District as to whom a proper Defendant is as it pertains to claims under 42 U.S.C. § 1983. (ECF 1). The case law is clear, Pueblo County is not a proper Defendant. Therefore claims against "Pueblo County" under both FED. R.

5

CIV. P. 12 and FED. R. CIV. P. 8. It is not incumbent on Defendants to instruct the Plaintiff how to plead, or whom is a proper defendant. It is the duty of a plaintiff to ensure that all defendants are properly named, and that the court has jurisdiction over the parties.

It was well established law that "[i]n federal court, a municipal entity's '[c]apacity to sue or be sued is determined by the law of the state where the court is located.'" *Chavez v. Board of County Commissioners of Lake County, Colorado*, 426 F.Supp.3d 802, 809 (D. Colo. 2019) citing FED. R. CIV. P. 17(b)(3). COLO. REV. STAT. § 30-11-105 provides, "[i]n all suits or proceedings by or against a county, the name in which the county shall sue or sued shall be, 'The board of county commissioners of the county of ................'; COLO. REV. STAT. § 30-11-105. "In Colorado, 'the exclusive method by which jurisdiction over a county can be obtained' is to sue the board of county commissioners." *Chavez*, 426 F. Supp.3d at n. 4, citing *Calahan v. Jefferson County*, 429 P.2d 301, 302 (1967) (construing what is now codified at COLO. REV. STAT. § 30-11-105). "An action attempted to be brought under any other designation is a nullity, and no valid judgment can enter in such a case." *Calahan*, 429 P.2d at 302 citing *John Deere Plow Co. v. County of Phillips*, 48 P.2d 793 (Colo. 1935); *Board of County Comm'rs v. Churning*, 35 P. 918 (Colo. App. 1984). It is therefore incumbent upon the Plaintiffs to ensure the proper Defendants are named at all stages of the pleadings, subject to deadlines. *See Gonzales v. Martinez,* 403 F.3d 1179, 1188 nt. 7 (10th Cir. 2005). The instant case, as it is currently captioned, is a legal nullity. Plaintiffs seek to bring an action against a non-actionable Defendant in this case. A further review of other case law stands for the same proposition.  In *Reyes v. Jensen,* 857 Fed.Appx 436, 439 (10th Cir. 2021), the Tenth Circuit upheld the dismissal of the Planning Commission as a Defendant by the district court

because Colorado law was clear on the matter and a "Plaintiff is required to bring an action against a county in the name of the board of county commissioners." *Id.* [1]

In this action, Plaintiffs' have improperly initiated suit against "Pueblo County." In Colorado, "Pueblo County" is a non-suable entity and therefore is a nullity where no valid judgment can enter in this case. Therefore, claims 1, 4 and 8 should be dismissed.

**B.  *Even if Pueblo County is sued in its official capacity as Pueblo County Board of County Commissioners, the claims cannot proceed under these facts.***

Plaintiffs' claims against Pueblo County, or for purposes of this argument the Board, arise out of the alleged conduct of the Sheriff and his subordinates.  Plaintiffs have failed to state any cognizable claim against the Board because, under Colorado law, the Sheriff, not the Board, is responsible for his actions and the actions of Sheriff's deputies in his employ.  C.R.S. § 30-10-506, states: "Each sheriff may appoint as many deputies as he may think proper, for whose official acts and those of his undersheriff he shall be responsible and may revoke such appointments at his pleasure."  *Seeley v. Board of County Com'rs*, 791 P.2d 696, 700 (Colo. 1990) (stating that "section 30-10-506 makes county sheriffs responsible for the official acts of their deputies"); *Tunget v. Board of County Com'rs*, 992 P.2d 650, 652 (Colo. App. 1999) (holding that because a deputy sheriff was acting in his official capacity when he caused the alleged injury, the sheriff, rather than the Board would be liable for the deputy's actions); *Estate of Burgaz by and through Zommer v.*

---

[1] *See also, Watkins v. Douglas County,* 2021 WL 100117, * 5 (D. Colo. January 12, 2021) ("the action cannot lie against Huerfano County." ) affirming *Watkins v. Douglas,* 2020 WL 8408482, * 14 (D. Colo. September 15, 2020); *Brown v. Chaffee County,* 2019 WL 8723210 (D. Colo. 2019) (same); *Schmidt v. Petek,* 2019 WL 5863901, * 9 ( D. Colo. 2019) (C.R.S. § 30-11-105 is jurisdictional in nature and an action to be brought in any other designation is a nullity).

*Board of County Commissioners for Jefferson County,* 30 F. 4th 1181, 1196 nt. 1 (10th Cir. 2022);

*McClelland v. Facteau*, 610 F.2d 693, 697 (10th Cir. 1979) (stating that police chiefs retained

ultimate responsibility for their departments), *rehearing denied*; *Seeley v. Board of County Com'rs*,

654 F. Supp. 1309, 1313 (D. Colo. 1987) (stating that the sheriff's power to hire and fire deputies

under § 30-10-506, C.R.S., "walks in tandem with his personal liability for their actions").  Thus,

the Board is not responsible for the conduct of the Sheriff or his deputies, or their training and

supervision.  Any claims against the Board must, therefore, fail as a matter of law.

Furthermore, pursuant to 42 U.S.C. § 1983, the Board can only be liable for its own

conduct.  "Congress did not intend to impose liability on a municipality unless *deliberate* action

attributable to the municipality itself is the 'moving force' behind the plaintiff's deprivation of

federal rights."  *Board of the County Commissioners of Bryan County, Oklahoma v. Brown*, 520

U.S. 397, 400, 117 S.Ct. 1382, 1386 (1997) citing *Monell v. New York City Dept. of Social Servs.*,

436 U.S. 658, 694, 98 S.Ct. 2018, 2027 (1978).  Under *Monell* and its progeny, the Supreme Court

requires plaintiffs "seeking to impose liability on a municipality under section 1983 to *identify* a

municipal 'policy' or 'custom' that caused the plaintiff's injury."  *Brown*, 520 U.S. at 403, 117

S.Ct. at 1388 (emphasis added).  Identifying a "policy" ensures that a municipality is held liable

only for constitutional deprivations that result from decisions of its duly constituted legislative

body.  *Id*.  Moreover, a municipality may only be held liable for an act committed pursuant to

"custom" that has not been formally approved by the appropriate municipal decision maker when

"the relevant practice is so widespread as to have the force of law."  *Brown*, 520 U.S. at 404, 117

S.Ct. at 1388.

Plaintiff has failed to identify any policy or custom of the Board that caused the alleged
violations of Plaintiffs' constitutional rights. Even though this Court must liberally construe the
Plaintiffs Complaint, this Court must not supply facts or construct a legal theory for Plaintiff that
assumes facts that have not been plead. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989),
*cert. denied*, 493 U.S. 1059, 110 S.Ct. 871 (1990). Furthermore, "conclusory allegations without
supporting factual averments are insufficient to state a claim on which relief can be based." *Hall
v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiffs' allegations do not identify any
specific decision by the Board that allowed the Sheriff's Department to violate citizens' rights with
impunity or ratify a policy or action that caused the alleged damage claimed in the Complaint.
Furthermore, under Colorado law, the Board is not responsible for the supervision of Sheriff's
deputies. Consequently, the Board does not have the authority to be the moving force behind the
policies or actions of the Pueblo County Sheriff's Department. Plaintiff bears the burden of
showing that the Board acted outside of its authority in telling the Sheriff what he and what his
Sheriff's deputies could or could not do, when it is common knowledge that only the Sheriff can
set policy for the department. Plaintiff has provided no allegations in support of this position.
Consequently, Plaintiffs' Complaint does not allege how the Board was the "moving force" behind
the alleged damages in the Complaint, therefore, fails to state a claim against the Board.

With respect to what appears to be Plaintiffs' "failure to train" allegations, "[o]nly where
a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality—a 'policy' as
defined by our prior cases—can a city be liable for such failure under § 1983." *City of Canton v.
Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 1205 (1989). *See* ECF 1, ¶ 130. "A municipality's

culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). It is well-settled that, "[m]ere conclusory allegations that an officer or group of officers are unsatisfactorily trained will not suffice to fasten liability on the [municipality]." *Bark v. Chacon*, 2011 WL 1884691, at *3. Plaintiffs' conclusory allegations against the Board for failure to train and/or supervise are irrelevant because the Board had no authority to choose and implement a training program for Sheriff's deputies as a matter of law, because the Sheriff is solely responsible for training Sheriff's deputies. Thus, Plaintiffs' Complaint fails to show how the training, or lack thereof, of any Pueblo County Sheriff's deputy reflects a conscious or deliberate choice of the Board, or how the Board would even have the authority to enforce such a decision on a Sheriff's Deputy. Plaintiffs, therefore, fail to state a claim against the "Pueblo County" for failure to train.

C. ***Plaintiffs' claims 4, 5, 6, 7, 8 and 9 are vague, ambiguous and do not comport with Due Process in providing sufficient notice as to which Defendant committed which act that would rise to the level of a cognizable claim of relief.***

The rule has long been that "an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). Even though the Supreme Court rejected the heightened fact pleading standard in *Twombly,* the Court was critical of complaints that "mentioned no specific, place, or person involved in the alleged conspiracies." *Twombly,* 550 U.S. at n. 10. Furthermore, when presented with "such a complaint, a defendant seeking to respond to plaintiffs' conclusory

allegations…would have little idea where to begin." *Id.* "[T]he pleading standard Rule 8 announced does not require 'detailed factual allegations,' but it demands more than the unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678.

The Tenth Circuit has reviewed the footnote in *Twombly* and has adopted a detailed review when it involves claims against multiple defendants. *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008). In *Robbins*, which is similar to the present case, the Court determined that, "in § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities…therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Id.* Furthermore, "the burden resets on the plaintiffs to provide fair notice for the claims made against each of the defendants." *Id.* at 1250.

The Complaint in the present case suffers the same fatal flaw as the *Robbins* court addressed. Other than claims 1, 2 and 3, the remaining claims all state that the "Defendants" committed some type of actionable claim against the Plaintiff, Kristy Ward Stamp. There is no clear indication as to *which* Defendant committed *what* act. *See* (ECF 1, pg. 27-35). For example, in ¶ 211 of the Complaint, Plaintiffs allege "Defendants did not at any time have any legally valid basis, to seize Ms. Ward Stamp's property." (ECF 1, pg. 32). Paragraph 241 of the Complaint is substantially similar to ¶ 211, as the Plaintiffs allege "Defendants did not at any time have a warrant authorizing any search, seizure, or arrest of Ms. Ward Stamp." (ECF 1, pg. 36). With how the Complaint is currently constructed, a reasonable reading would be that *all* of the Defendants,

11

including Pueblo County itself, placed handcuffs on Ms. Ward Stamp as she was allegedly under arrest. This would be an impossible feat for *all* the Defendants to accomplish as "Pueblo County" is not a living thing, and seven other Sheriff's Deputies would have had to go to Ms. Ward Stamp and each place handcuffs on her person. The purpose of clarity under FED. R. CIV. P. 8 is to eliminate the need for hypothetical approaches in determining how to respond.

Similar to the situation in *Twombly* , Defendants have little idea where to begin in response to claims 4, 5, 6, 7, 8 and 9 of the Complaint. On its face the Complaint fails to state *which* Defendant committed *what* act with sufficient detail to allow Defendants to answer or otherwise respond. Thus, the Complaint fails to pass muster under FED. R. CIV. P. 8, as it is vague, ambiguous and does not provide fair notice. *See Robbins*, 519 F.3d at 1250 *citing Atuahene v. City of Hartford,* 10 Fed.Appx. 33, 34 (2nd Cir. 2001) (granting motion to dismiss for failure to provide fair notice under Rule 8 in part because the complaint failed to differentiate among defendants, alleging instead violations by the defendants). Under the guiding case law, the Complaint must be dismissed without prejudice as it does not comport with the notice requirements under *Twombly* or *Robbins*.

**D.** ***The Defendants are entitled to "Qualified Immunity" under Colorado law.***

It is undisputed that other than "Pueblo County", the Defendants in the present action are peace officers of the state of Colorado as described in COLO. REV. STAT. § 24-31-901(3). "Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation." *Jiron v. City of Lakewood,* 392 F.3d 410, 414 (10th Cir. 2004) *citing Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). Based upon the desire to resolve these questions at the initial stages of

proceedings, pretrial matters such as discovery should be avoided or limited if possible. *Id., see also Mitchell,* 472 U.S. at 526.

When a defendant has asserted the affirmative defense of qualified immunity, the burden then shifts to the plaintiff to prove that the defendant claiming such a defense is not entitled to qualified immunity. *See Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (citing *Nelson v. McMullen*, 207 F.3d 1202, 1205- 06 (10th Cir. 2000); *Scull v. New Mexico*, 236 F.3d 588, 595 (10th Cir. 2000), and *Adkins v. Rodriguez*, 59 F.3d 1034, 1036 (10th Cir. 1995)). "Qualified immunity having been claimed, 'the plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of defendant's unlawful conduct.'" *Davis v. Clifford*, 825 F.3d 1131, 1135 (10th Cir. 2016) citing *Estate of Booker v. Gomez,* 745 F.3d 405, 411 (10th Cir. 2014). In this matter, the record must clearly demonstrate that Plaintiff has satisfied his heavy two-part burden. If he fails to do so, each Defendant is entitled to qualified immunity for his actions, or lack thereof. *See Gross v. Pirtle*, 245 F.3d 1151, 1156 (10th Cir. 2001).

Plaintiff must first clearly demonstrate that each of the Defendants' actions, or conversely their inaction, violated one or more of Plaintiff's federal constitutional or statutory rights. The burden is not met by identifying a right "in the abstract," and simply stating that Plaintiff's rights were violated. Plaintiff must articulate the clearly established constitutional right at issue and the conduct of each Defendant alleged to have violated the right with specificity, and further demonstrate a substantial correspondence between the conduct in question and the prior law

establishing that the Defendants' actions were clearly prohibited. *See Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1995).

If a plaintiff is able to establish that a cognizable constitutional or statutory right was violated, the plaintiff must then demonstrate that the law was clearly established at the time of the conduct. *Saucier v. Katz*, 533 U.S. 199, 200 – 01 (2001); *Maestas v. Lujan*, 351 F.3d 1001, 1006 – 07 (10th Cir. 2003). The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful given the situation with which he was confronted. *Saucier*, 533 U.S. at 202. The law is clearly established when a United States Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other jurisdictions shows that the right must be as a plaintiff maintains. *Roska v. Peterson*, 328 F.3d 1230, 1248 (10th Cir. 2003). In analyzing this issue, the Tenth Circuit has concluded that, "in determining whether a right is 'clearly established,' the courts assess the objective legal reasonableness of the action at the time of the alleged violation and ask whether the right was sufficiently clear that a reasonable officer would understand that what he was doing violated that right." *See Medina*, 252 F.3d at 1128 (citing *Wilson v. Layne*, 526 U.S. 603, 615 (1999)).

### III.   CONCLUSION

How the Complaint is currently constructed, is insufficient on its face and should be dismissed. First of all, Plaintiffs seek redress from the Court from a non-suable entity, i.e., Pueblo County. The case law cited *infra* makes it clear, "Pueblo County," is not a proper Defendant in the present matter. Secondly, even if Plaintiffs properly bring "Pueblo County" into the suit by naming

14

the Board of County Commissioners, the Plaintiffs' Complaint does not state a claim for which
relief can be granted under FED. R. CIV. P. 12(B).

Moreover, Plaintiffs complaint does not meet the constitutional requirements of FED. R.
CIV. P. 8. Rather than being clear and direct with *who* did *what* and to *whom*. Assuming arguendo
that Defendants can determine the *whom* portion of the directives from *Twowbly,* the Complaint
brings multiple Defendants into the suit without a clear indication on how these Defendants
participated individually to the alleged grievances claimed, which is the *who* and *what* that is
required.  This type of Complaint is what the Supreme Court was concerned about in *Twombly* and
has been rejected by the Tenth Circuit for failing to provide sufficient notice. *Robbins,* 519 F.3d
at 1242. Finally, Defendants are entitled to qualified immunity given their status as duly assigned
sheriff deputies. As such, the only outcome for the Plaintiffs' currently constructed complaint at
this time is a dismissal without prejudice.

WHEREFORE, Defendants request this Honorable Court Dismiss the Complaint as it is currently constructed.

Respectfully submitted this April 24, 2023.

By:    <u>s/</u>     <u>*Sean J. Lane*</u>
                Sean J. Lane, Esq.
                Allison Warren, Esq.
                William O'Donnell, Esq.
                **THE LANE LAW FIRM, P.C.**
                5105 DTC Parkway, Suite 450
                Greenwood Village, Colorado 80111
                Tel:  720-464-4215
                Fax:  303-860-7855
                Email:  slane@lanelawpc.com
                        awarren@lanelawpc.com
                        wodonnell@lanelawpc.com
                ATTORNEYS FOR DEFENDANTS

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this April 24, 2023, a true and correct copy of the above and foregoing **MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 AND FED. R. CIV. P. 8** was, unless otherwise indicated, filed electronically with the Court who provides notice to the following:

Darold Killmer
Mari Newman
Reid Allison
Killmer, Lane & Newman, LLP
1543 Champa St Suite 400
Denver CO 80202
Tel:  303-571-1000
Fax:  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
Email:  dkillmer@kln-law.com
Email:  mnewman@kln-law.com
Email:  rallison@kln-law.com

*A Duly Signed Original is on File at The Lane Law Firm, P.C.*

s/    *Sarah Merrill*
Sarah Merrill