AB Litigation Services

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-CV-00473-CNS-MDB

---

VIDEOCONFERENCE 30(b)(6) DEPOSITION OF PUEBLO COUNTY SHERIFF'S OFFICE, by SHERIFF DAVID LUCERO, a representative

June 3, 2024

---

ESTATE OF RICHARD WARD, by and through its personal representative KRISTY WARD STAMP, and KRISTY WARD STAMP,

Plaintiffs,

vs.

PUEBLO COUNTY SHERIFF DAVID LUCERO; et al.,

Defendants.

---

APPEARANCES:

    KILLMER LANE, LLP
        By Darold W. Killmer, Esq.
           Reid Allison, Esq.
           Sam Weiner, Esq.
           1543 Champa Street
           Suite 400
           Denver, Colorado 80202
           (303) 571-1000
            Appearing on behalf of Plaintiffs

    NEWMAN MCNULTY, LLC
        By Mari Newman, Esq.
           1490 N. Lafayette Street
           Suite 304
           Denver, Colorado 80218
           (720) 850-5770
            Appearing on behalf of Plaintiffs

AB Litigation Services

```
1     APPEARANCES (Cont.):

2        THE LANE LAW FIRM, P.C.
             By Sean Lane, Esq.
3                William O'Donnell, Esq.
                 3131 S. Vaughn Way
4                Suite 220
                 Aurora, Colorado 80014
5                (303) 830-0500
                  Appearing on behalf of Defendants
6
         Also Present:   Kassandra Caton
7                        Raillan Brooks
                         Cassandra Gonzales
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

AB Litigation Services

1        Pursuant to Notice and the Federal Rules
2   of Civil Procedure, the videoconference 30(b)(6) deposition
3   of PUEBLO COUNTY SHERIFF'S OFFICE, by SHERIFF DAVID
4   LUCERO, a representative, called by the Plaintiff,
5   was taken on Monday, June 3, 2024, commencing at
6   9:04 a.m., via remote video conferencing, before
7   Robert Leifer, Court Reporter and Notary Public
8   within and for the State of Colorado.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1   discussion point on how our responses -- or how we
2   respond with lights and sirens and initiate
3   pursuits, et cetera, was -- fell under that policy.
4         Q     I take it the nature of the change was to
5   try to reduce the need for high-speed chases?
6         A     Well, to -- I think there was a couple
7   aspects of it.  One was did the warrant -- did the
8   response to an alarm call warrant an emergent
9   response.  Did we need to run lights and sirens to
10  go to an alarm call.
11              And, ultimately, it was changed that,
12  look, if this is just an alarm call, with just that
13  being the only factor of an alarm, then it may not
14  warrant lights and sirens.
15        Q     Were there any policy changes or training
16  changes or changes in Pueblo County Sheriff's Office
17  practice as a result of the Richard Ward case?
18        A     No.  Not that I'm aware of.
19        Q     Did you conclude -- you being the, you
20  know, Pueblo County Sheriff's Office -- conclude
21  that everything that happened in the Richard Ward
22  case happened pursuant to Pueblo County official
23  policy and training?
24        A     Yes.
25        Q     This third case is called Wodiuk v.