IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-00473-CNS-MDB

ESTATE OF RICHARD WARD, by and through its personal representative Kristy Ward Stamp and
KRISTY WARD STAMP,

      Plaintiffs,

v.

PUEBLO COUNTY SHERIFF DAVID J. LUCERO, in his official capacity,
DEPUTY CHARLES MCWHORTER, in his individual and official capacity,
DEPUTY CASSANDRA GONZALES, in his individual and official capacity,
DEPUTY JACOB MAHAN, in his individual and official capacity,
DEPUTY CHRISTINE SPENCER, in her individual and official capacity,
DEPUTY NICHOLAS BERUMEN, in his individual and official capacity,
DEPUTY ROBERT QUINTANA, in his individual and official capacity,
SERGEANT JOSH RAGAN, in his individual and official capacity, and
CAPTAIN SHELLEY BRYANT, in her individual and official capacity,

      Defendants.

## ORDER

Before the Court is Plaintiffs' Motion for Order to Certify Defendants' Interlocutory Appeal as Frivolous and Request for Hearing. ECF No. 178. For the following reasons, the Court DENIES Plaintiffs' motion.

Another court in this judicial district recently set forth the legal standard governing motions to certify appeals as frivolous in the 42 U.S.C. § 1983 context:

> A federal district court's denial of a claim of qualified immunity, to the extent it turns on an issue of law, may be the subject of an interlocutory appeal.

1

*Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Recognizing that "this divestiture of jurisdiction is subject to abuse and can unreasonably delay trial," the Tenth Circuit has adopted a procedure by which a district court may certify an appeal as frivolous and retain jurisdiction to adjudicate the case. *Langley v. Adams Cnty.*, 987 F.2d 1473, 1477 (10th Cir. 1993). Specifically, the district court may retain jurisdiction if the court "(1) after a hearing and, (2) for substantial reasons given, (3) f[inds] the claim [raised on appeal] to be frivolous." *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990) (quoting *United States v. Hines*, 689 F.2d 934, 936–37 (10th Cir. 1982)).

*Est. of Melvin by & through Melvin v. City of Colorado Springs, Colorado*, No. 20-cv-00991-CMA-STV, 2023 WL 3437370, at *2 (D. Colo. May 12, 2023).

Fundamentally, Plaintiffs urge the Court to certify Defendants' appeal as frivolous, and request a hearing on the matter, *see* ECF No. 178 at 1, because

(1) Defendants' appeal as to Plaintiffs' Fourth Amendment claims is frivolous because the Court "denied qualified immunity due to" factual disputes;

(2) Defendants' appeal of Plaintiff's official capacity claims is frivolous because the Tenth Circuit lacks interlocutory jurisdiction over them; and

(3) Defendants' appeal of the Court's summary judgment order as to Plaintiffs' state law claims is frivolous because the Tenth Circuit "lacks jurisdiction to consider an interlocutory appeal as to these state law claims,"

*Id.* at 2–4.[*] The Court focuses its analysis on Plaintiffs' first issue because, in their Response, Defendants represent their appeal is "predicated upon issues of qualified immunity," consistent with Defendants' Notice of Appeal, and not the Court's order "in its

---

[*] Because the parties have fully briefed Plaintiffs' motion, the Court "concludes that a hearing is unnecessary for [its] disposition." *Howards v. Reichle*, No. CIV.A. 06-CV-01964-C, 2009 WL 2338086, at *1 (D. Colo. July 28, 2009).

2

entirety." ECF No. 189 at 4–5; ECF No. 174 at 2. However, the Court does *not* construe the tailored nature of Defendants' appeal as a concession that "any appeal of their state law and municipal liability claims would be frivolous," as Plaintiffs urge the Court to do. ECF No. 190 at 1.

Accordingly, proceeding to the core of the parties' frivolity dispute, the Court asks whether the nature of Defendants' qualified immunity appeal rises to the level of the Court making the "strong pronouncement" that such an appeal is frivolous. *Howards*, 2009 WL 2338086, at *4 (D. Colo. July 28, 2009). It does not. "Plaintiff[s] [are] correct that to the extent a denial of qualified immunity turns on factual issues, the issue is not appropriate for resolution by an appellate court." *Melvin*, 2023 WL 3437370, at *2 (citing *Johnson v. Jones*, 515 U.S. 304, 317 (1995)); *see also Valdez v. Motyka*, 804 F. App'x 991, 994 (10th Cir. 2020); ECF No. 178 at 5–6. However, as *Melvin* noted, "[a]lthough an appellate court may not review determinations of evidentiary sufficiency, the court can review [certain] issues by taking as true the facts the district court conclude[d] a reasonable jury could find . . . in favor of the plaintiff." 2023 WL 3437370, *2 (quotations omitted).

At bottom, the Court agrees with Plaintiffs—as do Defendants—that factual disputes, and courts' analyses attendant to them, tend to preclude appellate review as to qualified immunity. *Compare* ECF No. 178 at 5; *and Melvin*, 2023 WL 3437370, *2, *with* ECF No. 189 at 10 ("Even when an appellant challenges the district court's findings of genuine issues of material fact, the Supreme Court has recognized a court of appeals *may*, *nonetheless*, exercise interlocutory review [in some circumstances.") (emphasis added). But the Court cannot conclude that—not withstanding this well-settled principle—

it applies with such force at this juncture in this case as to certify Defendants' appeal as frivolous. *See, e.g., Melvin*, 2023 WL 3437370, at *3 (declining to certify appeal as "frivolous" where plaintiff failed to establish that appeal "lack[e]d an arguable basis either in law or fact" (quotations omitted)); *Howards*, 2009 WL 2338086, at *4. And while the Court "stands . . . behind" its summary judgment order, *id.*, the issues raised by Defendants' appeal are best resolved at and by the Tenth Circuit, especially where the Tenth Circuit has already *explicitly* instructed the parties to brief the issue of appellate jurisdiction in their briefing. *See Estate of Ward v. Lucero, et al.*, Case No. 25-1224, Dkt. No. 15 at 2 ("[The] court directs the parties to address *with specificity* in their briefs whether this court has jurisdiction to review the district court's order denying qualified immunity." (citation omitted (emphasis added)); *Melvin*, 2023 WL 3437370, at *3.

Consistent with the above analysis, Plaintiffs' Motion for Order to Certify Defendants' Interlocutory Appeal as Frivolous and Request for Hearing, ECF No. 178, is DENIED.

DATED this 15th day of July 2025.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge