IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-00473-CNS-MDB

ESTATE OF RICHARD WARD, by and through its personal representative Kristy Ward Stamp and
KRISTY WARD STAMP,

 Plaintiffs,

v.

PUEBLO COUNTY SHERIFF DAVID J. LUCERO, in his official capacity,
DEPUTY CHARLES MCWHORTER, in his individual and official capacities,
DEPUTY CASSANDRA GONZALES, in his individual and official capacities,
DEPUTY JACOB MAHAN, in his individual and official capacities,
DEPUTY CHRISTINE SPENCER, in her individual and official capacities,
DEPUTY NICHOLAS BERUMEN, in his individual and official capacities,
DEPUTY ROBERT QUINTANA, in his individual and official capacities,
SERGEANT JOSH RAGAN, in his individual and official capacities, and
CAPTAIN SHELLEY BRYANT, in her individual and official capacities,

 Defendants.

## ORDER

 Before the Court is Plaintiffs' Motion for Prompt Trial of Non-Appealed Claims. The Court DENIES Plaintiffs' motion (which it may consider notwithstanding Defendants' pending appeal). See, e.g., ECF No. 195 at 5 n.*.

 In summary, Plaintiffs argue the "application of collateral estoppel" favors trial, ECF No. 196 at 4, and that any further delay is prejudicial, id. at 6. But the Court agrees with Defendants that, following their summary judgment appeal, and given the nature of

1

Plaintiffs' claims—which are not peripheral to Defendants' qualified immunity appeal—it would be inappropriate to conduct a trial prior to resolution of Defendants' appeal. *See, e.g.*, ECF No. 197 at 2; *Stewart v. Donges*, 915 F.2d 572, 575–76 (10th Cir. 1990); *Farmlands Partners Inc. v. Fortunae*, No. 18–cv–02351–KLM, 2019 WL 3456932, at *8 (D. Colo. July 31, 2019). Attendant delays—to which the Court is sensitive—nonetheless do not justify holding a premature trial in this case. *Compare* ECF No. 196 at 5, *with* ECF No. 197 at 6; *and Erxleben v. Bloomington Indep. Sch. Dist.*, Civ. A. No. V–94–025, 1996 WL 61490, at *1 (S.D. Tex. Jan. 29, 1996); *and Reeves v. Wayne Cnty.*, Civil Action No. 3:20–0423, 2022 WL 37537, at *2 (S.D.W. Va. Jan. 4, 2022). As the Seventh Circuit has observed, "[a]lthough it is important to protect public officials from frivolous claims and burdens of trials, it is also important to curtail the outlay and delay of litigation, so that victims of official misconduct may receive the vindication that is their due. *A single pretrial appeal* is a sound accommodation of competing interests[.]" *Abel v. Miller*, 904 F.2d 394, 396 (7th Cir. 1990) (emphasis added).

Moreover, the Court has confidence that Defendants' appeal will be promptly resolved, especially where the Tenth Circuit has already identified a jurisdictional issue attendant to Defendants' appeal based on the Court's summary judgment order, *see Ward v. Lucero, et al.*, Case No. 25–1224, Dkt. No. 15 at 2, in which the Court repeated numerous times—indeed, throughout its entire summary judgment order—that its qualified immunity analyses were based on what a reasonable jury could find. See, e.g., ECF No. 167 at 3, 7-8, 10–14, 16.

Accordingly, Plaintiffs' motion is DENIED. ECF No. 196 at 4.

DATED this 16th day of October 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge